# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6260 | **DATE** | 4/28/2000 |
| **CASE TITLE** | | Watson vs. Henderson | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, the Defendant's Motion to Dismiss is GRANTED as to Plaintiff's sex discrimination claim and DENIED as to Plaintiff's race discrimination and retaliation claims.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices 2 |
| X | Notices mailed by judge's staff. | MAY 0 3 2000 date docketed |
| | Notified counsel by telephone. | docketing deputy initials |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | 5-2-00 date mailed notice |
| | Copy to judge/magistrate judge. | |
| MEA (lc) | courtroom deputy's initials | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number

18

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CECIL WATSON,           )
                             )
        Plaintiff,          )
                             )    **No. 99 C 6260**
      v.                   )
                             )    **HONORABLE DAVID H. COAR**
WILLIAM HENDERSON, Postmaster  )
General of the United States,       )
                             )
        Defendant.       )

**DOCKETED**

**MAY 0 3 2000**

## MEMORANDUM OPINION AND ORDER

Before this court is the defendant William J. Henderson's, Postmaster General of the United States Postal Service, ("defendant") motion to dismiss the plaintiff Cecil Watson's ("plaintiff" or "Watson") complaint brought under Title VII of the Civil Rights Act of 1964. For the following reasons, the defendant's motion is GRANTED in part and DENIED in part.

### Background

This case is a continuation of an employment discrimination case that this court decided in a bench trial in 1998. <u>Cecil Watson v. Marvin Runyon, Postmaster General</u>, No. 96 C 7044, Memorandum Opinion and Order, September 16, 1998. The plaintiff, Cecil Watson, has now filed a separate complaint, alleging additional acts of race and sex discrimination as well as retaliation. (Complaint, p. 1). This separate complaint is the subject of the present motion to dismiss.

The plaintiff Watson, an African-American male, is a Supervisor at the United States Post Office in Addison, Illinois. (Complaint, p. 3). On April 7, 1990, the plaintiff was denied a promotion to Branch Manager at the River Forest, Illinois U.S. Post Office. In response, the plaintiff



filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Complaint, p. 2). On June 8, 1993, the EEOC Administrative Judge Robert Johnson issued a recommended decision finding discrimination based upon plaintiff's race. (Complaint, p. 2). On July 9, 1993, the U.S. Postal Service issued a Final Agency Decision ("FAD") accepting Judge Johnson's recommended decision. The FAD ordered that the plaintiff be promoted to a Manager position. (Complaint, p. 2). When the U.S. Postal Service failed to promote the plaintiff to a substantially equivalent position, he filed a complaint in the U.S. District Court. (Complaint, p. 3). The case was assigned to this court as <u>Cecil Watson v. Marvin Runyon, Postmaster General</u>, No. 96 C 7044.

After a bench trial, on September 16, 1998 this court ordered the Postal Service to offer Watson the position of Manager, Customer Services, at the River Forest, Illinois Post Office or the same position at another facility within the Northern District of Illinois. If no position was available, Watson was to be offered the next available Manager, Customer Services position that becomes available. <u>Cecil Watson v. Marvin Runyon, Postmaster General</u>, No. 96 C 7044, Memorandum Opinion and Order, September 16, 1998, p. 9. The court also found that Watson had failed to exhaust his administrative remedies as to all claims other than the substantial equivalence issue. <u>Id.</u>, at p. 7.

In the present complaint, Watson alleges four acts of race and sex discrimination as well as retaliation. First, Watson was instructed to supervise two separate Delivery Units on April 14 and 17, 1995 at the Addison, Illinois Post Office, even though there was a replacement available for the absent supervisor. (Complaint, pp. 1, 4). Second, Watson's request for time off on June 17, 1995 was denied. (Id.). Third, on June 19-23, 1995, Watson was scheduled and required to attend a basic

2

supervisory training class that he had already attended. (Complaint, pp. 1, 4-5). Finally, on September 26-27, 1995, Watson was scheduled to attend a two-day training class on Interpersonal Skills. (Complaint, pp.1-2, 5).

In response to Watson's complaint, the defendant has filed the present motion to dismiss, arguing that Watson failed to exhaust administrative remedies as to the sex discrimination claim and failed to state a claim upon which relief can be granted as to the race discrimination and retaliation claims. (Dft's Mem. of Law, p. 1).

## Standard for a Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The court must accept as true all of the plaintiff's well-pleaded factual allegations, as well as all reasonable inferences. Id. Thus, the court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 78, 104 S. Ct. 2229, 2232 (1984)). However, the court need "not strain to find inferences favorable to the plaintiffs which are not apparent on the face of the complaint." Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977).

## Analysis

### 1. Sex Discrimination Claim

The defendant argues that Watson's sex discrimination claim should be dismissed because he did not exhaust his administrative remedies. (Dft's Supp. Reply, p. 5). In particular, the

defendant cites to Watson's Information for Precomplaint Counseling forms to the EEOC, the findings of the EEOC administrative law judge, Watson's EEOC complaint to the Postal Service, and the Postal Service's letter to Watson outlining the parameters of the EEOC investigation. (Dft's Exs. 2-8). In each of these documents, while Watson describes the four acts of alleged discrimination, he does not cite sex as the type of discrimination, only race and retaliation.

A Title VII plaintiff may only bring claims that were included in the EEOC charge. Cable Ivy Tech State College, 200 F.3d 467, 476 (7th Cir. 1999) (citing Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S.Ct. 1011 (1974), Cheek v. Peabody Coal Co., 97 F.3d 200, 202 (7th Cir. 1996)). This rule allows the EEOC to conduct a full investigation as well as places the employer on notice of the charges against it. Cable, 200 F.3d at 477, citing Harper v. Godfrey Co., 45 F.3d 143, 148 (7th Cir. 1995). A claim falls within the scope of the EEOC complaint if it is "like or reasonably related to" the charges in the EEOC complaint and if it "reasonably could have developed from the EEOC's investigation of the charges before it." Cable, 200 F.3d at 477, quoting Cheek, 97 F.3d at 202. The federal claim is reasonably related to the allegations in the EEOC complaint if there is a factual relationship between the federal claim and the EEOC complaint. Harper, 45 F.3d at 148.

In the present case, the factual allegations for Watson's sex discrimination claim are exactly the same as the allegations in the EEOC complaint. Compare Complaint with Dft's Exs. 2, 3, 5, 6, 7. Watson, however, did not list sex discrimination as the type of discrimination in the EEOC complaint, only race and retaliation. Taken literally, the language of the cases suggests that since the factual basis for the claims are the same, the sex discrimination claim is within the scope of the EEOC charge. A more careful examination of the opinions makes clear that the emphasis on facts focuses on what EEOC would be likely to review in conducting an investigation. Thus, if the facts

4

suggesting race discrimination are the same or "reasonably related" to the complaint alleging discrimination and retaliation, it is more likely than not that the retaliation issues would have been reviewed in the investigation of the discrimination charge. See Cable, 200 F.3d at 477; Cheek, 97 F.3d at 202; Harper, 45 F.3d at 148 . Here, the complaint filed with the EEOC charged race discrimination and retaliation, while the complaint filed with this court alleges race discrimination and retaliation plus sex discrimination. Before the filing of the present complaint, Watson never mentioned sex discrimination. See Dft's Exs. 2-8. Even the findings of the EEOC state that they only investigated and reviewed a complaint of race discrimination and retaliation, with no mention of sex discrimination. (Dft's Ex. 4).

It is not at all clear that an investigation of a race claim will cover the same territory as one involving a sex claim, even though the "facts" alleged are the same. For example, as to the race claim, the inquiry might be as to how similarly situated members of another race were treated. That review probably would not address how similarly situated members of the opposite sex (regardless of race) were treated. Therefore, this court concludes that Watson's claim of sex discrimination before this court is not reasonably related to the charge of racial discrimination in his EEOC charge, and therefore dismisses the sex discrimination claim for failure to exhaust administrative remedies.

## 2. Failure to State a Claim

The defendant argues that Watson fails to state a claim of race discrimination or retaliation, for Watson does not allege a materially adverse employment action. (Dft's Mem. of Law, p. 12).

To state a claim of employment discrimination, Watson must allege 1) he was a member of a protected class; 2) he was qualified for the job or met legitimate performance expectations; 3) he suffered an adverse employment action; and 4) the Postal Service treated similarly situated persons

more favorably. <u>Vakharia v. Swedish Covenant Hospital</u>, 190 F.3d 799, 806 (7th Cir. 1999). To state a claim of retaliation, Watson must allege 1) he participated in a protected activity under Title VII; 2) he subsequently suffered an adverse employment action; and 3) there was a causal connection between the adverse employment action and his participation. <u>Pasqua v. Metropolitan Life</u>, 101 F.3d 514, 517 (7th Cir. 1996). The adverse employment actions Watson alleges are he was instructed to supervise two separate units without increased compensation, he was denied time off requested, and he was scheduled to attend unnecessary trainings. Adverse employment action has been defined quite broadly by the Seventh Circuit. See <u>McDonnell v. Cisneros</u>, 84 F.3d 256, 258-59 (7th Cir. 1996). "[A]dverse job action is not limited solely to loss or reduction of pay or monetary benefits. It can encompass other forms of adversity as well." <u>Collins v. State of Illinois</u>, 830 F.2d 692, 703 (7th Cir. 1987). The actions that Watson has alleged affects monetary compensation, benefits, and the title of his position. This is enough to state a claim of discrimination and retaliation. <u>Smart v. Ball State University</u>, 89 F.3d 437, 441 (7th Cir. 1996).

## Conclusion

For the foregoing reasons, the defendant William J. Henderson's, Postmaster General of the United States Postal Service, motion to dismiss the plaintiff Cecil Watson's complaint brought under Title VII of the Civil Rights Act of 1964, is GRANTED as to the plaintiff's sex discrimination claim and DENIED as to the plaintiff's race discrimination and retaliation claims.

Enter:

_David H. Coar_

David H. Coar
United States District Judge

Dated: *April 28, 2000*